## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

ASHLEY MOODY and AUTUMN TERRELL,
individually and on behalf of a class of persons
similarly situated,

       Plaintiffs,                                   **CASE NO.**

vs.

ASCENDA USA INC. d/b/a 24-7 INTOUCH, and
VERIFIED CREDENTIALS, INC.

       Defendants.

_____/

## NOTICE OF REMOVAL

       Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Ascenda USA Inc. ("Ascenda") hereby

files this Notice of Removal and thereby removes to this Court an action which is pending in the

Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, Case No.

CACE16001343.  Removal is proper under 28 U.S.C. § 1331 because the causes of action that

this case purports to assert arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et*

*seq.,* a federal statute, thereby giving rise to federal question jurisdiction.  In support of its Notice

of Removal, Ascenda states as follows:

**A.**      **The State Court Class Action**

       1.      On January 25, 2015, Plaintiffs Ashley Moody and Autumn Terrell ("Plaintiffs")

commenced this putative class action in the Circuit Court of the 17th Judicial Circuit of Broward

County, Florida, captioned *Ashley Moody and Autumn Terrell (on behalf of themselves and on*

*behalf of all others similarly situated) vs. Ascenda USA Inc. d/b/a 24-7 Intouch and Verified*

*Credentials, Inc.* (the "State Court Action").  Ascenda was served with the Summons and Class

Action Complaint on February 5, 2016.  A copy of the Summons and Class Action Complaint is attached as Composite Exhibit 1.

2.      In the State Court Action, Plaintiffs attempt to allege that Ascenda "obtained a consumer report on Plaintiff Ashley Moody while she was employed with Ascenda" and "procured a consumer report on Plaintiff Autumn Terrell for hiring purposes."  (Composite Exhibit 1, Class Action Compl. ("Compl.), at ¶¶ 37, 43).  Plaintiffs allege that Defendant Verified Credentials, Inc. ("Verified") provided these consumer reports.  (*Id.* ¶¶ 4, 38).

3.      Plaintiffs purport to allege that Ascenda failed to provide a stand-alone disclosure before procuring background checks in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A)(i).  (Compl.  ¶¶ 65-66).

4.      Plaintiffs further purport to allege that Ascenda "procured consumer reports . . . without proper authorization" in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).  (Compl. ¶ 71).

5.      Plaintiffs bring these federal FRCA claims on behalf of a putative "Background Check Class" (Compl. ¶ 54), and seek statutory damages, punitive damages, attorneys' fees, and costs.  (Compl. ¶¶ 68-69, 73-74).

6.      In addition, Plaintiff Moody purports to assert a FCRA claim against Verified Credentials for "failing to notify Plaintiff Ashley Moody and other members of the Class contemporaneously that consumer reports about them were being furnished to Defendant Ascenda USA."  (Compl. ¶ 76).   Plaintiff Ashley Moody brings this claim against Verified on behalf of a putative "Consumer Reporting Class" (Compl. ¶ 55), and seeks statutory damages, punitive damages, attorneys' fees, and costs.  (Compl. ¶¶ 79-80).

7.      As of the date and time of the filing of this Notice of Removal, no motion is pending, no hearings have been set, and trial has not been scheduled in the State Court Action.

**B.**     <u>**Jurisdiction and Venue**</u>

8.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

9.     Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.     Defendant Ascenda may remove this action because Plaintiffs' claims arise under the FCRA, which is a federal statute and presents federal questions.  Therefore, this Court has federal question jurisdiction under 12 U.S.C. § 1331.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c), 1441(a), & 1446(a), because the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the State Court Action was filed and has been pending prior to removal, is a state court within this federal district and division.

**C.**     <u>**Consent**</u>

12.     Pursuant to 28 U.S.C. § 1446(b)(2), all defendants have consented to the removal of the Class Action.

13.     Verified has not yet been properly served, but consents to the removal of the State Court Action.

**D.**     <u>**Timely Removal**</u>

14.     This Notice of Removal is filed by Ascenda within thirty (30) days of service of the Complaint.  Removal is thus timely under 28 U.S.C. § 1446(b).  *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008).

**E.**     <u>**Process and Pleadings**</u>

15.     In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Ascenda in the State Court Action are annexed hereto as Composite Exhibit 1.

**F.**     <u>**Service**</u>

16.     A copy of this Notice of Removal is being served contemporaneously on Plaintiffs' counsel and is being filed simultaneously with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

17.     By filing this Notice of Removal, Ascenda does not waive any defenses that may be available to it and reserves all such defenses.  If any question arises as to the propriety of the removal of the State Court Action to this Court, Ascenda requests the opportunity to present additional evidence and briefing to demonstrate that this case has been properly removed.

**G.**     <u>**Conclusion**</u>

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Ascenda hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

Date:  February 24, 2016                    Respectfully submitted,


                                           /s/ Brian M. Ercole
                                           Brian M. Ercole
                                           Florida Bar No. 0102189
                                           brian.ercole@morganlewis.com
                                           Morgan Lewis & Bockius LLP
                                           200 South Biscayne Boulevard – Suite 5300
                                           Miami, Florida 33131-2339
                                           Telephone:    305.415.3000
                                           Facsimile:    305.415.3001

                                           *Counsel for Ascenda USA Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

      I HEREBY CERTIFY that on February 24, 2016, a true and correct copy of the foregoing

Notice of Removal, and all exhibits thereto, was served via electronic mail and Federal Express

on the following counsel for the parties:

Luis A. Cabassa, Esq.
lcabassa@wfclaw.con
Brandon J. Hill, Esq.
bhill@wfclaw.com
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Telephone:  (813) 365-3417
Facsimile:  (813) 229-8712

*Counsel  for Plaintiffs*


Pamela Q. Devata, Esq.
pdevata@seyfarth.com
John Drury, Esq.
jdrury@sayfarthshaw.com
Seyfarth Shaw, LLC
131 South Dearborn Street, Suite 2400
Chicago, IL 60603-5577
Telephone:  (312) 460-5000
Facsimile:  (312) 469-7000

*Counsel for Defendant Verified Credentials, Inc.*


                       /s/ Brian M. Ercole
                       Brian M. Ercole


DB1/ 86648376.1