UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-60364-WPD

ASHLEY MOODY and AUTUMN
TERRELL, on behalf of themselves and on
behalf of all other similarly situated,

    Plaintiffs,

vs.

ASCENDA USA INC. d/b/a 24-7 INTOUCH,
and VERIFIED CREDENTIALS, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Verified Credentials, Inc.'s Motion to Dismiss Plaintiff's Third Class Claim for Relief [DE 21], filed herein on April 25, 2016. The Court has carefully considered the Motion [DE 21], Response [DE 35], and Reply [DE 41/44], and is otherwise fully advised in the premises.

    **I.**    **BACKGROUND**

On January 25, 2016, Ashley Moody and Autumn Terrell, on behalf of themselves and on behalf of all others similarly situated ("Plaintiffs") brought this action in state court against Ascenda USA Inc. d/b/a 24-7 Intouch ("Defendant Ascenda") and Verified Credentials, Inc. ("Defendant Verified") (collectively "Defendants") pursuant to the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681. *See* [DE 1-1]. Defendants removed this case to federal court on February 24, 2016 on federal question grounds. *See* [DE 1]. The Amended Class Action Complaint, the operative pleading in this case, was filed on April 8, 2016. *See* [DE 15].

The following facts are according to the Plaintiffs' Amended Class Action Complaint: Defendant Verified operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"), and prepares and furnishes consumer reports for employment and other purposes. ¶ 4. Defendant Verified sells these consumer files in the form of consumer reports to employers wishing to investigate the background and criminal history of job applicants or current employees. ¶ 24-25. Defendant Verified disseminates only the portions of criminal records that the public entities from which it purchases its data choose to provide in bulk. ¶ 51.

Defendant Ascenda operates customer service call centers across the country. ¶ 3. Defendant Ascenda routinely obtains consumer reports from Defendant Verified to conduct background checks on new and existing employees and relies on such information as a basis for adverse employment action. ¶ 5-6.

Plaintiff Ashley Moody (hereinafter "Plaintiff") was hired by Defendant Ascenda to work at a call center in Florida. ¶ 37. After Plaintiff had been working with the company for several months, Defendant Ascenda obtained a consumer report on her from Defendant Verified as part of a background check. ¶ 42-43. Defendant Verified did not notify Plaintiff that public information about her was being furnished to Defendant Ascenda. ¶ 64. The consumer report compiled by Defendant Verified regarding the Plaintiff contained false and adverse information, stating she had been convicted of petit theft and drug possession. ¶ 45. As a result, Defendant Ascenda suspended Plaintiff from work without pay. ¶ 46. After Plaintiff learned of the report, she contacted Defendant Verified to dispute the information in the report. ¶ 53. Defendant Verified responded that it would only review her dispute of the consumer report if Plaintiff submitted identification first, to which Plaintiff complied. ¶ 53. Less than a week later,

Defendant Verified issued a second consumer report to Defendant Ascenda, this time containing no convictions attributed to Plaintiff. ¶ 54. The convictions listed on the original report belonged to someone else. ¶ 45. Defendant Ascenda then allowed Plaintiff to return to work, but refused to compensate Plaintiff for the days she was suspended. ¶ 55. Accordingly, Plaintiff lost hundreds of dollars in pay which she never recovered. ¶ 46.

As a result, Plaintiff brings two claims against Defendant Verified, alleging violations of the FCRA, 15 U.S.C. § 1681. (Counts III and V of the Amended Complaint). In Count III, Plaintiff alleges Defendant Verified violated 15 U.S.C. § 1681k(a), which provides as follows:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
>
> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a).

In Count V, Plaintiff alleges Defendant Verified violated 15 U.S.C. § 1681i which provides as follows:

> (a) Reinvestigations of disputed information
>
> (1) Reinvestigation required.--
>
> (A) In general.--Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the

3

> agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

Plaintiff seeks statutory damages, punitive damages, costs and attorney's fees against Defendant Verified. *See* [DE 15] at ¶¶ 96-97, 110-12.

On April 25, 2016, Defendant Verified filed the instant Motion to Dismiss Count III, arguing that Plaintiff cannot sustain of claim for a violation under § 1681k(a) because Plaintiff has failed to allege sufficient facts to establish that the information in the consumer report was not complete and up to date.[1]

## II.    STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (*abrogating Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will

---

[1] Defendant Verified did not move to dismiss Count V.  Rather, it filed an Answer and Affirmative Defenses as to Count V on April 25, 2016. *See* [DE 22].

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III. DISCUSSION

#### a. Liability Under § 1681k(a)

§ 1681k(a) requires a CRA to either: (1) notify a consumer that information about them is being published; or (2) maintain strict procedures designed to insure that reported information is complete and up to date. *See* § 1681k(a). Plaintiff alleges that Defendant violated this section because she was never notified that this information was being distributed to the employer and because the information was not complete and up to date, as it contained information that was demonstrably false.

Defendant argues that the § 1681k(a) claim must be dismissed because the claim is based on an improper interpretation of the law. Defendant contends Plaintiff's allegations fail to state a claim for violating § 1681k(a)(2) because this section is not intended to ensure accuracy, but rather, it is intended to ensure that the information actually reported is the current public record status of the item at the time the report is reported. Defendant relies on case law and legislative history to support this proposition. Defendant cites favorably to *Doe v. Sterling Infosystems, Inc.*, No. 15-cv-4770 (C.D. Cal. Dec. 21, 2015)[2]. In *Doe*, the plaintiff brought a claim under § 1681k(a) based on a CRA's inclusion of erroneous information in his background report. *Id.* at 1-2. The *Doe* court held a report is complete and up to date if it reflects the current public record status, regardless of whether the information is actually accurate. *Id.* at 6-7. Defendant also relies on *Jones v. Sterling Infosystems, Inc.*, No. 14-3076 (S.D.N.Y. Mar. 30, 2016)[3]. In *Jones*, the

---

[2] Attached to Defendant Verified's Motion as Exhibit 1. *See* [DE 21] at p. 21.
[3] Attached to Defendant Verified's Motion as Exhibit 2. *See* [DE 21] at p. 31.

plaintiff alleged that the CRA erroneously matched criminal records to him that actually belonged to another individual. *Id.* 1-2. The *Jones* court concluded that § 1681k(a)(2)'s strict procedures requirement could not apply to accuracy-based claims since § 1681e(b) is designed to ensure accuracy. *Id.* at 5. In addition, Defendant argues that the law was enacted to ensure that the current status of public records is up to date. Specifically, Congress was concerned that CRA's would report arrests, judgments, liens, and bankruptcies without reporting the dismissal of suits, reversal of judgments, or settlements outside of court. Defendant thus argues that Plaintiff's interpretation of the FCRA runs counter to the legislative intent behind the law.

Plaintiff, on the other hand, contends that the report could not be considered complete because Defendant only disseminates the portions of criminal records that the public entities from which it obtains its data choose to provide in bulk. Plaintiff also argues that her allegations demonstrate that the report was not complete and up to date because Defendant was capable of swiftly obtaining sufficient information to determine that the reported records were not Plaintiff's once Plaintiff disputed the report.  The Court is persuaded by Plaintiff's arguments. Moreover, a plethora of case law supports the position that public record employment reports are incomplete and do not satisfy the strict procedures requirement for purposes of § 1681k(a) if the data included in the records reported is so incomplete that those records cannot be matched to the correct consumer. *See Williams v. First Advantage LNC Screening Sols. Inc.*, 2015 WL 9692872 at \*12 (N.D. Fla. Oct. 14, 2015) (holding that the requirement that a CRA report be complete and up to date may necessarily include a requirement that the information actually be about that consumer); *Henderson v. Corelogic Nat'l Background Data, LLC*, 2016 U.S. Dist. LEXIS 20020 at \*37 (E.D. Va. Feb 18, 2016) (holding that to be complete under the FRCA, a report must contain sufficient information to link the record with the subject of the query); *Poore v. Sterling*

*Testing Sys., Inc.*, 410 F. Supp. 557, 572 (E.D. Ky. 2006) (holding that consumer reports may not be complete if they do not include the name, birthdate, or social security number of the person who committed the crime); *Adams v. Nat'l Eng'g Serv. Corp.*, 620 F. Supp. 2d 319, 334-335 (D. Conn. 2009) (holding that inaccurately attributed records to the plaintiff could allow a reasonable jury to conclude the defendant did not maintain strict procedures designed to ensure that the reported information was complete); *Ridenour v. Multi-Color Corp.*, 2015 WL 7769469 at *3 (E.D. Va. Nov. 30, 2015) (finding that plaintiff stated a claim where consumer alleged that a report was inaccurate in reporting conviction information).  Accordingly, the Court will align itself with the majority of the courts to have considered this issue and deny Defendant Verified's motion to dismiss the § 1681k(a) claim for failure to state a claim.

     **b.  Willfulness**

Plaintiff alleges that Defendant Verified's violation of § 1681k(a) was willful.[4]  Defendant contends that Plaintiff's allegations of wilfullness are insufficient.  It contends that Plaintiff has not alleged sufficient facts to establish that the Defendant willfully violated § 1681k(a) under the pleading standards of *Twombly/Iqbal*.  It also argues that Plaintiff's allegations fail to satisfy the standard for a willful violation under *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2009).

A defendant acts willfully under the FCRA by either knowingly or recklessly disregarding its statutory duty.  *Safeco*, 551 U.S. at 56-57.  Here, upon a review of the allegations in the Amended Complaint, the Court finds that Plaintiff has sufficiently alleged willfulness at the motion to dismiss stage, having alleged facts supporting its position that Defendant was aware of its duties under the FCRA yet failed to comply with the statute's requirements.

---

[4] This is significant because statutory damages, punitive damages, costs, and attorney's fees are only available for FCRA violations if those violations were willful. *See* 15 U.S.C. § 1681n.

Plaintiff alleges that Defendant Verified has done in excess of over 15 million background checks since 1984, that at the time of Defendant's alleged violations a plethora of authority, including case law, existed on § 1681k that Defendant had access to, or at least should have known about, that Defendant has previously violated the FCRA, and that Defendant has previously been sued for nearly identical violations of the FCRA.  *See* [DE 15] at ¶¶ 1, 93-95.  In this case, whether Defendant Verified acted willfully is a question of fact for summary judgment or trial.[5]

**c. Plaintiff's Class Action Claims Under § 1681k(a)**

Defendant argues that the Court should dismiss Plaintiff'§ 1681k(a) class claim, challenging the viability of the class definition as presently alleged.  However, issues of class certification are appropriately decided upon a Rule 23 motion for class certification, following any necessary discovery.   Accordingly, the Court agrees with Plaintiff that Defendant Verified's motion to dismiss the § 1681k(a) class claim should therefore be denied as premature.  Moreover, the Court finds that Plaintiff Ashley Moody has sufficiently alleged facts supporting her own Article III standing under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).  Any argument that potential members of a putative class may lack Article III standing under *Spokeo* shall be addressed upon a motion for class certification, in the event such motion is filed.

**IV.    CONCLUSION**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Verified's Motion to Dismiss Plaintiff's Third Class Claim for Relief [DE 21] is **DENIED.**

---

[5] For example, Defendant could introduce evidence that someone at Verified relied on particular legal opinions supporting its position in determining how to proceed.

2. Defendant Verified shall file its answer within fourteen (14) days.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Broward County, Florida, this 24th day of June, 2016.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record