## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-60364-WPD

ASHLEY MOODY and AUTUMN TERRELL,
individually and on behalf of a class of persons
similarly situated,

       Plaintiffs,

v.

ASCENDA USA INC. d/b/a 24-7 INTOUCH, and
VERIFIED CREDENTIALS, INC.

       Defendants.

_____/

**DEFENDANT ASCENDA USA INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 5, 2016 ORDER OR, IN THE ALTERNATIVE, TO CERTIFY THE COURT'S OCTOBER 5, 2016 ORDER FOR INTERLOCUTORY APPEAL <u>PURSUANT TO 28 U.S.C. § 1292(b) AND MEMORANDUM OF LAW</u>**

## I.   __INTRODUCTION__

The Court's October 5, 2016 Order (the "Order") held that Plaintiffs satisfied their burden to demonstrate standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), by pointing to the inclusion of two sentences of release language in a disclosure form that contained all of the necessary substantive information.  The Court's reasoning was based on the Eleventh Circuit's unpublished (and, therefore, non-binding and non-precedential) decision in *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016) and the Eastern District of Virginia's decision in *Thomas v. FTS USA, LLC*, No. 3:13-CV-825, 2016 WL 3653878 (E.D. Va. Jun. 30, 2016).  Relying upon these decisions, the Court held that an alleged violation of the statute is sufficient if the statutory provision protects substantive rights and that Plaintiffs' conclusory allegations were sufficient to confer standing.

At the time of the Order, however, the Court did not have the benefit of the Eleventh Circuit's first precedential opinion applying *Spokeo*—*Nicklaw v. CitiMortgage, Inc.*, No. 15-24216, -- F.3d --, 2016 WL 5845682, at *3 (11th Cir., Oct. 6, 2016)—or numerous other decisions rejecting Plaintiffs' exact claims for lack of standing.  *Nicklaw* was published one day ***after*** the Court's Order and constitutes the necessary clarification in controlling law warranting reconsideration of the Order.  The Eleventh Circuit made clear that, under *Spokeo*, the relevant question is not whether a statute creates a substantive or procedural right or whether that statute has been violated, but, instead, "whether [the plaintiff] was ***harmed*** when this statutory right was violated."  *Id.* at *3 (emphasis added).  In addition, the Eleventh Circuit clarified that a plaintiff must allege sufficient ***facts*** of actual harm ***flowing*** from the alleged violation to plead Article III standing.  *Id.*  Because the plaintiff in *Nicklaw* did not allege facts showing any concrete harm (or a material risk of harm) from the manner by which his mortgage satisfaction was recorded (*i.e.*, the alleged statutory violation at issue), the Eleventh Circuit dismissed the claim for lack of

1

standing.  *Id.* at \*3-4.  Notably, the Eleventh Circuit in *Nicklaw* did not mention its non-precedential and non-binding decision in *Church*.  *Id.*; *see also Nokchan v. Lyft, Inc.*, No. 15-cv-03008, 2016 WL 5815287, at \*4-7 (N.D. Cal. Oct. 5, 2016) (distinguishing *Church* and dismissing § 1681b(b)(2) claims for lack of standing because plaintiff did not allege any facts that could support a privacy or informational injury that is sufficiently concrete to meet the *Spokeo* requirements where, like here, the plaintiff consented to the background check and actually received a summary of his rights under the FCRA); *Landrum v. Blackbird Enterprises, LLC*, Civ. Act. No. 16-0374, 2016 WL 6075446, at \*4 (S.D. Tex. Oct. 3, 2016) (same).

Ascenda respectfully submits that the Eleventh Circuit's decision in *Nicklaw* warrants reconsideration of the Court's Order.  *Nicklaw* makes clear that whether a statute creates a "substantive" (or procedural) right is not relevant to the standing analysis; indeed, the alleged violation of a statute, without more, is insufficient.  *Nicklaw* further mandates that district courts must scrutinize a complaint to ensure that the plaintiff alleges specific facts to show a concrete and particularized harm ***resulting from the violation***.  Conclusory assertions of tangible or intangible injury are insufficient, and the harm must flow directly from the specific violation at issue.  *Nicklaw* is therefore consistent with the ever-growing and vast majority of decisions holding that a plaintiff who challenges only the ***format*** of a FCRA disclosure form (with the necessary disclosure language) lacks standing to bring § 1681b(b)(2) claims.[1]

Applying these controlling principles, Plaintiffs have not alleged any specific facts showing concrete or particularized harm from the alleged § 1681b(b)(2) violation—here, the

---

[1]     *See, e.g., Berrelez v. Pontoon Solutions, LLC,* No. 15-cv-1898, 2016 WL 5947221, at \*10 (C.D. Cal. Oct. 13, 2016) (dismissing § 1681b(b)(2)(A) claims for lack of standing); *Nokchan*, 2016 WL 5815287, at \*4-7 (same); *Landrum*, 2016 WL 6075446, at \*4 (same); *Fisher v. Enters. Holdings, Inc.*, No. 4:15CV00372 AGF, 2016 WL 4665899, at \*1 (E.D. Mo. Sept. 7, 2016) (same); *Groshek v. Time Warner Cable, Inc.*, No. 15-c-157, 2016 WL 4203506, at \*2 (E.D. Wis. August 9, 2016) (same); *Smith v. Ohio State Univ.*, No. 2:15-CA-3030, 2016 WL 3182675, at \*4 (S.D. Ohio June 8, 2016) (same).

inclusion of two sentences of release language in the Disclosure Forms.  Plaintiffs do not allege
that they did not understand what they signed or were in any way confused; they would not have
signed the Disclosure Forms had they not included release language; or they suffered any
financial or other consequential damage because of two sentences of release language.  In
addition, Plaintiffs' conclusory allegations of a "privacy injury" and an "informational injury"
lack any underlying facts and, more fundamentally, do not flow from the alleged violation of
including two extra sentences of release language in the Disclosure Forms.  Plaintiffs admittedly
received all the information required by FCRA, thereby negating any informational injury, and
they admittedly authorized Ascenda to obtain and review the background reports, thereby
negating any privacy injury.  Plaintiffs' theory of standing is nothing more than that Ascenda
violated § 1681b(b)(2).  Under *Nicklaw* (and the vast majority of other decisions), that is
insufficient as a matter of law.

In the alternative, if the Court is not inclined to reconsider its Order (and it should),
Ascenda respectfully requests that the Court certify the Order for immediate interlocutory appeal
pursuant to 28 U.S.C. § 1292(b).  Each of the three requirements for interlocutory appeal is met.
As an initial matter, the Order decided a controlling legal issue of significant importance—
whether Plaintiffs have suffered a concrete and particularized injury necessary to have Article III
standing to bring claims for a violation of § 1681b(b)(2) of the FCRA based upon the inclusion
of release (or other extraneous) language in a FCRA disclosure form.  The issue goes to the most
fundamental question of whether the Plaintiff can bring a claim in this Court.

Second, as this Court recognized in its Order, there is a "split in persuasive authority as to
this [precise] issue." (Order, 8.)  Thus, there are substantial grounds for difference of opinion on
this fundamental issue of standing.  Indeed, as described above, the vast majority of cases—both

before and after the Court's Order—have held that a plaintiff lacks standing to bring §

1681b(b)(2)(A) claims under *Spokeo*.  *Compare Nokchan*, 2016 WL 5815287, at *4-7

(dismissing § 1681b(b)(2)(A) claims for lack of standing and rejecting conclusory allegations of

privacy and informational injuries); *Landrum*, 2016 WL 6075446, at *4 (same); *Fisher*, 2016

WL 4665899, at *1 (same); *Groshek*, 2016 WL 4203506, at *2 (same); *Smith,* 2016 WL

3182675, at *4 (same); *with Thomas*, 2016 WL 3653878, at *5 (finding standing to bring §

1681b(b)(2)(A) claims) *and Meza v. Verizon Commc'ns, Inc.*, No. 1:16-CV-0739 AWI MJS,

2016 WL 4721475, at *3 (E.D. Cal. Sept. 9, 2016) (same).  This Court itself initially granted

Ascenda's motion to dismiss on these grounds and then denied it based on a few additional

pleadings.  (ECF No. 47, at 11.)  This record certainly demonstrates substantial grounds for

difference of opinion.

Finally, prompt appellate review of this controlling legal question will materially advance

this litigation.  If the Eleventh Circuit decides that Plaintiffs lack standing to assert their §

1681b(b)(2)(A) claims, Plaintiff Terrell will have no remaining claims in the lawsuit, and

Plaintiff Moody will have only one remaining FCRA claim against Ascenda.  Such a result

would significantly streamline the remaining issues in this case and narrow what discovery needs

to take place as to Ascenda.  The Court, likewise, would conserve resources by not having to

address and resolve anticipated discovery issues or class certification and summary judgment

motions regarding Plaintiffs' § 1681b(b)(2)(A) claims.  Immediate appellate certainty on this

fundamental standing issue also may help facilitate settlement of the remaining claims and issues

in this case.  At a minimum, the resolution of this important legal issue will have a controlling

impact on similar putative class actions asserting § 1681b(b)(2)(A) claims throughout the

Eleventh Circuit—where courts are grappling with this exact same standing issue.[2]

## II.    BACKGROUND

### A.    Plaintiffs Allege A Bare Violation Of The FCRA And Conclusory Allegations Of An Informational Injury And Invasion Of Privacy.

Ascenda obtained a background check on Plaintiff Terrell and Plaintiff Moody in

connection with their employment applications. (Sec. Am. Compl. ¶¶ 43, 56.)  Prior to obtaining

the background checks, Ascenda provided each Plaintiff with a one-page Disclosure Form.  (*Id.*

¶¶ 38, 56; Disclosure Forms, ECF No. 15-2.)  Each of the Plaintiffs signed the relevant form and

thereby "authoriz[ed] Verified Credentials to conduct a background check," and acknowledged

that:

> I understand that in processing my application with Ascenda USA Inc. dba 247 Intouch,
> an investigative consumer report may be conducted . . . Any such background check report
> may contain information bearing on my character, general reputation, personal
> characteristics, mode of living and credit standing.  Information may include, but is not
> limited to; criminal records, and any data provided on this application, or during the
> interview process.

(*Id.*).  The Disclosure Forms also included two sentences of release language (consisting of 42

words), through which Plaintiffs agreed to "waive my right to privacy in this investigation" and

to "hold harmless" Ascenda.  (*Id.*).

Plaintiffs contend that because the Disclosure Forms included release language, Ascenda

violated § 1681b(b)(2)(A)(i) (Count I) and § 1681b(b)(2)(A)(ii) (Count II) of the FCRA.

Plaintiffs do not contend that they suffered any tangible harm and do not seek actual damages

with respect to these Counts.  Instead, Plaintiffs contend that they are entitled to statutory

---

[2]    There are numerous other putative class actions that assert FCRA claims pending in the Southern
and Middle Districts of Florida alone, including *Stacy v. Dollar Tree Stores, Inc.*, 16-cv-61032 (S.D. Fla.
filed May 13, 2016) ("*Stacy* Action"), *Coss v. Magic Burgers, LLC*, 16-cv-02608 (M.D. Fla. filed Sept.
09, 2016) (the "*Coss* Action"), and *Hargrett v. Amazon.com, Inc.*, 15-cv-02456 (M.D. Fla. filed Oct. 16,
2016) (the "*Hargrett* Action").

damages under § 1681n because the alleged violations were "willful."  (Sec. Am. Compl. ¶¶ 85,

99.)  Plaintiffs seek to assert these claims on behalf of a putative nationwide class of employees

and job applicants.  (*Id.* ¶ 10.)

**B.** **_Spokeo_ Sets Forth The Controlling Standards For When Article III Standing Exists For Alleged Statutory Violations.**

In *Spokeo*, the Supreme Court held the alleged statutory violation of the FCRA—on

its own—is ***insufficient*** to show the separate "concrete" injury required for Article III

standing.  *Spokeo,* 136 S.Ct. at 1549 ("Article III standing requires a concrete injury even

in the context of a statutory violation.")  While Congress can "identify intangible harms

that meet minimum Article III requirements," *id.* at 1549, it "cannot erase Article III's

standing requirements by statutorily granting the right to sue to a plaintiff who would not

otherwise have standing" because she has not been injured.  *Id.* at 1548.  A plaintiff

therefore must plead a statutory harm ***and*** suffer "real" concrete harm—tangible or

intangible—from the statutory violation.  *Id.* at 1549 ("Congress' role in identifying and

elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-

in-fact requirement whenever a statute grants a person a statutory right and purports to

authorize that person to sue to vindicate that right.")

**C.** **In Response To _Spokeo_ And The Court's First Dismissal Order, Plaintiffs Amended Their Complaint, But Did Not Add Any New Facts.**

The Court originally dismissed Plaintiffs' § 1681b(b)(2)(A) claims, but gave Plaintiffs an

opportunity to amend to plead "sufficient factual allegations to demonstrate that they each

suffered a concrete and particularized injury due to the [alleged] § 1681b(b)(2)(A) violations to

satisfy the requirements set forth in *Spokeo*." (Order on Def.'s Mot. to Dismiss, ECF No. 47, at

11.)  Rather than allege actual facts, however, Plaintiffs added numerous paragraphs of

conclusory allegations that they each suffered "informational" and "privacy" injuries.  (Sec. Am. Compl. ¶¶ 77-81, 90-94.)

Ascenda, in turn, moved to dismiss Counts I and II of Plaintiffs' Second Amended Complaint for lack of standing.  Ascenda argued that Plaintiffs failed to allege facts demonstrating a concrete and particularized injury ***resulting from*** the alleged § 1681b(b)(2)(A) violations—that is, the inclusion of two sentences of release language in the Disclosure Forms that Ascenda has not even sought to invoke.  (Ascenda's Mot. to Dismiss, ECF No. 53; Ascenda's Reply Br. In Support Of Mot. to Dismiss, ECF No. 57.)  Instead, Plaintiffs alleged conclusory allegations of "informational injury" and "invasion of privacy."  Moreover, Ascenda showed this alleged harm was neither concrete nor flowed from the alleged § 1681b(b)(2)(A) violation at issue.  (Ascenda's Mot. to Dismiss, ECF No. 53, 8-16.)  Plaintiffs' "informational injury" theory fails because Plaintiffs do not identify any information required by FCRA that was not provided to them.  (*Id.*)  Likewise, Plaintiffs "invasion of privacy" theory fails because Plaintiffs authorized Ascenda to obtain and review the background check reports.  (*Id.*)  The inclusion of the release language in the Disclosure Forms did not impact Plaintiffs at all.

> **D.    The Court's Order Held That Plaintiffs Had Standing Because The Rights Under The FCRA Are Substantive, Even Though Plaintiffs Did Not Plead Any Facts To Support Their Alleged Injuries.**

In its Order, the Court held that Plaintiffs alleged a concrete harm "in connection with" their § 1681b(b)(2)(A) claims. (Order, 8.)  In doing so, the Court relied primarily upon the Eleventh Circuit's non-precedential opinion in *Church* and the Eastern District of Virginia's *Thomas* opinion.  (*Id.* at 8-9.)  The Order, therefore, relied upon a purported distinction between statutes that protect procedural rights and those that protect substantive rights; that is, the Order

held that the mere violation of § 1681b(b)(2)(A), without more, confers standing because its

"'protections are clearly substantive.'"  (*Id.* at 9 (quoting *Thomas*).)

In addition, the Order found that Plaintiffs' conclusory allegations of an "informational

injury" and a "privacy injury" were sufficient to satisfy their standing burden.  (*Id.* at 8.)

However, the Court did not evaluate whether these conclusory allegations satisfied the fact-

pleading requirements of *Iqbal* and *Twombly*.  (*Id.*)  Nor did the Court's Order expressly analyze

how this alleged intangible harm somehow ***resulted*** from receiving a stand-alone FCRA

disclosure and authorization form ***with two-sentences of release language***—the core violation at

issue.  (*Id.*)

One day after the Court issued its Order, the Eleventh Circuit issued its *Nicklaw*

decision—the first ***precedential*** decision in the Eleventh Circuit dictating how to apply *Spokeo*.

As described below, Ascenda respectfully submits that *Nicklaw* (and many other recent decisions

finding that plaintiffs lack standing to assert § 1681b(b)(2) claims based upon the manner by

which a FCRA disclosure was made) warrants reconsideration of the Court's Order and the

Court's rationale for finding standing.  Alternatively, Ascenda requests that the Court certify its

Order for interlocutory review under § 1292(b) because there are substantial grounds for

difference of opinion and appellate resolution of this controlling legal issue will facilitate of this

case and other similar cases throughout the Eleventh Circuit.

## III.    ARGUMENT

### A.    The Court Should Reconsider Its Order Based On Controlling Precedent From The Eleventh Circuit And Other Recent District Court Opinions.

The Eleventh Circuit's precedential *Nicklaw* opinion provides grounds for

reconsideration of the Order because it clarified how *Spokeo* must be applied in the Eleventh

Circuit.  Reconsideration is appropriate where there is "an intervening change in controlling

law." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, at 1343 (S.D. Fla. 2007); *see Annunziata v. Sch. Bd. of Miami-Dade Cty., Florida*, No. 04-12560, 2005 WL 591205, at *1 (11th Cir. Mar. 4, 2005) (affirming grant of reconsideration based upon new appellate decision reflecting change in law). Similarly, "a change in the factual or legal underpinnings upon which the decision was based" supports reconsideration. *Jackson v. Wesley*, No. 6:11-cv-686-Orl-28GJK, 2011 WL 2144696, at *1 (M.D. Fla. May 31, 2011); *see also Porto Venezia Condo. Ass'n, Inc. v. WB Ft. Lauderdale, LLC*, 926 F. Supp. 2d 1330, 1332 (S.D. Fla. 2013) (Dimitrouleas, J.) (granting motion for reconsideration).

In *Nicklaw*, a plaintiff brought a putative class action based upon the alleged violation of a New York mortgage satisfaction statute, contending that after he satisfied his mortgage, the defendant did not file the certificate of discharge within the statutory time period. 2016 WL 5845682, at *1-2. After the district court dismissed the complaint, the plaintiff appealed. *Id.* at *2. The Eleventh Circuit dismissed the appeal for lack of Article III standing. The Eleventh Circuit explained how *Spokeo* should be applied in this Circuit. It rejected the argument that a statutory violation alone is sufficient to confer standing, regardless of whether the right at issue is "substantive," and made clear that, under *Spokeo*, "the requirement of concreteness under Article III is not satisfied every time a statute creates a legal obligation and grants a private of action for its violation." *Id.* at *3. Instead, the Eleventh Circuit emphasized that the "relevant question" is whether the plaintiff suffers "some harm or risk of harm ***from the statutory violation*** to invoke the jurisdiction of a federal court." *Id.* (emphasis added).

Applying this standard, the Eleventh Circuit held that the plaintiff lacked Article III standing to bring his statutory claim. *Id.* at *3. The Court scrutinized the plaintiff's theory

of injury-in-fact and reasoned that the plaintiff did not allege specific facts showing any concrete harm from the ***manner*** by which the mortgage satisfaction was recorded. *Id.* at *3-4. The plaintiff, for instance, did not allege any facts showing that he lost money, that his credit was injured, or that he suffered any material risk of harm because of the alleged failure to record the mortgage satisfaction in the manner required by the statute at issue. *Id.* Thus, because the plaintiff lacked standing to assert the statutory claim at issue, the Eleventh Circuit dismissed the appeal.

This Eleventh Circuit's controlling decision is consistent with numerous recent district court decisions—of which the Court may not have had the benefit when it issued its decision—holding that plaintiffs lack standing to assert § 1681b(b)(2)(A) claims, even when they claim they suffered an informational or privacy injury. In *Nokchan*, for instance, the plaintiff argued that he suffered certain informational and privacy injuries as a result of, among other things, the defendant's alleged use of FCRA disclosure forms that were embedded in an employment application and that contained "extraneous information." 2016 WL 5815287, at *4. Judge Spero held that even if plaintiff alleged a technical violation of § 1681b(b)(2)(A) (and certain other provisions of the FCRA), he failed to meet his burden of alleging facts showing that he suffered a concrete and particularized injury ***as a result*** of the violation. *Id.* at *4. In particular, the plaintiff did not allege that as a result of the alleged "failure to provide the disclosures in a separate document . . . he was confused about his rights or that he would not have consented to the background checks . . . ." *Id.* In addition, Judge Spero expressly rejected the plaintiff's arguments that he suffered a concrete privacy or informational injury as a result of the alleged § 1681b(b)(2)(A) violation. *Id.* at *5-8; *see also Berrelez,* 2016 WL 5947221, at

*5 (rejecting § 1681b(b)(2)(A) claims based upon use of release language for lack of standing in large part because defendants "did not take any action as a result of the Release"); *Landrum,* 2016 WL 6075446, at *4 (dismissing § 1681b(b)(2)(A) claim because plaintiff "does not allege that he lacked information, only that it was not in the proper form" and did not allege that he "did not know what he was authorizing or did not, in fact, authorize the report").

Here, Ascenda respectfully submits that the Eleventh Circuit's decision in *Nicklaw*—and the logic of the majority of cases to address this issue—warrant reconsideration of the Court's Order. Indeed, *Nicklaw* requires reconsideration of both justifications for the Court's standing decision.

First, relying upon the analysis in *Church* and *Thomas*, the Court held that Plaintiffs have standing to assert Counts I and II based upon a mere violation of § 1681b(b)(2)(A), because the statute supposedly provides "substantive" protections. (Order, at 9 (relying upon analysis in *Thomas*)). *Nicklaw*, however, makes clear that whether a statute creates a "substantive" right is not "relevant" in determining whether a plaintiff has suffered a concrete harm necessary to support Article III standing. 2016 WL 5845682, at *3 (rejecting argument that standing is satisfied because legislature "intended to create a substantive right" through statute). Instead, the "relevant question" under *Spokeo* is whether a plaintiff has pled facts sufficient to show concrete harm resulting from the alleged statutory violation. *Id.* at *3.[3]

---

[3]     In its Order, the Court noted that Plaintiffs' claims are not "akin to 'the dissemination of an incorrect zip code'"—which the Supreme Court identified as a potential FCRA violation for which no standing exists. (Order, 9.) However, in *Spokeo*, the Supreme Court also provided another example. It explained that the failure to provide notification under the FCRA to a user of certain consumer information may result in no concrete harm, and, thus, no standing, particularly if the information is "accurate." *Spokeo,* 136 S.Ct. at 1550. The alleged violation here is even less impactful, because Plaintiffs were given all the necessary accurate information under § 1681b(b)(2) of the FCRA.

Second, the Court's Order held that Plaintiffs' conclusory allegations were sufficient to confer standing (Order, 8), but the Court did not evaluate whether Plaintiffs pled any facts showing concrete harm "***from the statutory violation***" at issue—which, in this case, is not the failure to receive any FCRA disclosure, but, instead, the actual receipt of a complete FCRA Disclosure Form with two sentences of release language. *Id.* (emphasis added). Here, Plaintiffs do not allege a ***single fact*** showing a resulting injury from the alleged § 1681b(b)(2)(A) violation. Ascenda does not seek to assert the release language; Plaintiffs do not allege they were confused by the release language or the Disclosure Forms as a whole; and all of the substantive disclosures mandated by FCRA were made.

In addition, the "informational injury" and "invasion of privacy" allegations added to the Second Amended Complaint are insufficient under *Nicklaw*—and the vast majority of decisions that have now been able to address this issue—because they are bereft of supporting facts and because the purported harm does not ***flow from*** the alleged violation (*i.e.*, the inclusion of two sentences of release language in the FCRA disclosure form). For instance, the one-page disclosure forms (attached to the Second Amended Complaint) contained all of the necessary disclosure language mandated by the FCRA. Thus, Plaintiffs were not denied any information. *See Landrum,* 2016 WL 6075446, at *4 (dismissing § 1681b(b)(2) claims that challenge format of disclosure form and rejecting theory of informational injury because "Landrum does not allege that the disclosure in his application was substantively inadequate to alert him to the fact that Defendants may conduct a background check"); *Fisher,* 2016 WL 4665899, at *1, 4 (dismissing § 1681b(b)(2) claims for lack of concrete harm and rejecting argument that plaintiff had standing

because she suffered a violation of "her right . . . to receiving information in the manner prescribed by the FCRA").[4]

Likewise, Plaintiffs expressly authorized Ascenda to obtain the background checks in connection with their employment applications.  Plaintiffs, therefore, cannot complain that Ascenda violated their privacy in some way by reviewing the information in those background check reports.  *See Nokchan,* 2016 WL 5815287, at *5 (rejecting privacy violation argument and dismissing § 1681b(b)(2)(A) claims because employer disclosed that it was going to conduct a background check and employee authorized employer to obtain such information); *Fisher,* 2016 WL 4665899, at *1 (dismissing § 1681b(b)(2)(A) claim despite argument that plaintiff's right to privacy was violated); *Smith*, 2016 WL 3182675, at *4 (dismissing § 1681b(b)(2)(A) claims for lack of standing and rejecting assertion that plaintiffs suffered harm when their "privacy was invaded and they were misled as to the their rights under the FCRA").

Put simply, under *Nicklaw*, Plaintiffs cannot satisfy their standing burden by pleading a bare technical violation of § 1681b(b)(2)(a) and conclusory allegations of intangible harm. Instead, there must be facts showing concrete harm that actually flows from the alleged violation itself—here, two sentences of release language that Ascenda has not even attempted to invoke.

---

[4]      Unlike *Church*, Plaintiffs do not contend that Ascenda completely omitted critical disclosures necessary to understand their rights or that Ascenda did not provide the mandatory substantive FCRA disclosure to Plaintiffs that it was going to obtain a background check in connection with their employment applications.  *Church*, 2016 WL 3611543, at *3.  Instead, Plaintiffs say they were given too much information on Disclosure Forms that contained all the necessary statutory information, but purportedly did not come in the right format.  (Sec. Am. Compl. ¶ 57-59.)  Because the alleged violations are entirely different, *Church* is non-precedential, and the Eleventh Circuit's controlling decision in *Nicklaw* did not even mention *Church*, Ascenda respectfully submits that the Court reconsider its reliance on *Church* here.  *See, e.g., Fisher,* 2016 WL 4665899, at *4 (rejecting reliance on *Church* and dismissing § 1681b(b)(2) claims because "[i]n *Church*, plaintiff alleged that she did not receive certain information she was entitled to receive, whereas here, as noted above, all Plaintiff alleges is that the format and conspicuousness of a disclosure did not comply with the statute at issue").

Because Plaintiffs have not satisfied and cannot satisfy this standard, Ascenda respectfully requests that the Court reconsider its Order and grant Ascenda's motion to dismiss Plaintiffs' § 1681b(b)(2) claims for lack of standing.

### B.    In The Alternative, The Court Should Immediately Certify The Order For Interlocutory Appeal.

If the Court does not reconsider its Order based on the Eleventh Circuit's precedential decision (and it should), Ascenda respectfully requests the Court to certify the Order for interlocutory appeal pursuant to § 1292(b).  All three "essential requirements for any § 1292(b)" appeal are met here:  (1) the order  involves "a pure, controlling question of law;" (2) "about which there are substantial grounds for difference of opinion"; and (3) resolution of "that question [will] substantially reduce the amount of litigation left in the case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257, 1259, 1264 (11th Cir. 2004); *see also* 28 U.S.C. § 1292(b).  Indeed, § 1292(b) appeals are "reserved" for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.* at 1259.  When these statutory criteria are met, as here, it is "the duty of the district court . . . to allow an immediate appeal." *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

Because this case readily satisfies each of these criteria, Ascenda respectfully requests that the Court amend its Order and certify it for interlocutory review under § 1292(b).

### 1.    The Order Presents A Controlling Question Of Law.

A controlling question of law exists if it deals with a "pure" question of law—that is, an "abstract legal issue" that "the court of appeals can decide quickly and cleanly." *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz*, 219 F.3d at 676-77); *see also Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 823-24 (S.D. Fla. 2007) ("a controlling question of law . . . deals with

14

a question of 'pure law' or matters that can be decided quickly and cleanly without having to study the record").  As the Eleventh Circuit has recognized, a "question of law" for purposes of § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz*, 219 F.3d at 676).  Questions of Article III standing fall squarely into that category.

One of the Eleventh Circuit's leading Article III standing opinions, *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir. 1990), was decided in a § 1292(b) appeal.  In *Hadley*, the district court rejected the defendant's challenge to Article III standing.  The Eleventh Circuit accepted the § 1292(b) appeal and reversed and remanded the case "for the district court to dismiss the case for lack of standing."  *Id.* at 987 n.3.  Likewise, other federal appellate courts and courts throughout this Circuit have agreed to interlocutory review of standing questions under § 1292(b).[5]

The same result is appropriate here.  Ascenda asks this Court to certify the following question to the Eleventh Circuit for interlocutory review under § 1292(b):

> Whether a plaintiff suffers a concrete and particularized injury necessary to confer Article III standing to bring a claim for violations of § 1681b(b)(2) as a result of the inclusion of release (or other extraneous) language in a FCRA disclosure form.

This question presents a pure issue of law because there is no evidence or facts beyond the complaint needed to resolve it.  It can be decided based upon the Eleventh Circuit's

---

[5]      *See, e.g.*, *Novell, Inc. v. Microsoft Corp.*, 505 F.3d 302, 307 (4th Cir. 2007); *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed. Cir. 2007); *Caruana v. Gen. Motors Corp.*, 204 Fed. Appx. 511, 512 (6th Cir. 2006); *Morris v. Hoffa*, 361 F.3d 177, 180-81 (3d Cir. 2004); *Rosada v. Ford Motor Co.*, 337 F.3d 291, 293 (3d Cir. 2003); *Michelson v. Enrich Intern., Inc.*, 6 Fed. Appx. 712, 715 (10th Cir. 2001); *Nelson v. Whirlpool Corp.*, No. CIV. A. 09-0520-WS-M, 2010 WL 147917, at *1 (S.D. Ala. Jan. 11, 2010) ("Because the Court's subject matter jurisdiction depends on the answer to that question, it is a controlling question of law."); *Papapanos v. Lufthansa German Airlines*, No. 94-2667-CIVMARCUS,1995 WL 1788526, at *2 (S.D. Fla. June 15, 1995) (finding "controlling question of law" requirement was met because it related to the court's "jurisdiction over the action"); *Fernandez-Roque v. Smith*, 539 F. Supp. 925, 948 (N.D. Ga. 1982) (subject matter jurisdiction question "involves a controlling question of law").

interpretation and application of *Spokeo* (and *Nicklaw*) to the allegations in Plaintiffs' Second Amended Complaint. *McFarlin*, 381 F.3d at 1259 (controlling legal issue exists if it is "stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts . . . and give it general relevance to other cases in the same area of law").

Furthermore, this question is "controlling" because, if resolved in Ascenda's favor, it will end Plaintiffs' § 1681b(b)(2)(A) claims against Ascenda. It also will materially shorten the litigation, since Plaintiff Terrell will no longer be a party to the case and Plaintiffs will no longer be able to seek certification of their § 1681b(b)(2)(A) claims. Thus, the first element of the § 1292(b) test is met. *See McFarlin*, 381 F.3d at 1259 ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation").

### 2.       There Are Substantial Grounds For Difference Of Opinion.

The second element for § 1292(b) relief is met when "there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning." *McFarlin*, 381 F.3d at 1259. This element is satisfied if "at least two courts interpret the relevant legal principle differently." *Aurelius Capital Master, Ltd. v. Tousa Inc.*, No. 08-61317-CIV, 2009 WL 6453077, at *15 (S.D. Fla. Feb. 6, 2009); *see also Figueroa*, 382 B.R. at 824 (movant "must show that at least two courts interpret the relevant legal principle differently"). To determine if there are differences of opinion, "a court may consider authority from within and beyond the circuit in which it sits." *Id.*, 2009 WL 6453077, at *15; *see also Figueroa*, 382 B.R. at 824 ("the district court may consider authority from other circuits").

Here, neither the Eleventh Circuit nor any other Court of Appeals has directly addressed the controlling legal issue at the heart of the Court's Order—whether Plaintiffs have standing to assert claims under § 1681b(b)(2)(A), when they simply challenge the format of the FCRA

disclosure was made.   In addition, the Court's Order recognized that a split in persuasive authority exists on this issue.  (Order, 9 (citing cases).)  In fact, it is now clear that the ever-growing majority of courts have held that plaintiffs lack standing to assert § 1681b(b)(2)(A) claims despite conclusory allegations of an informational injury and/or a privacy injury.  *See, e.g.*, *Nokchan,* 2016 WL 5815287, at *4-7 (holding that plaintiff did not allege "he suffered any real harm as a result of the fact that he did not receive required disclosures in a separate document" and rejecting allegations of a privacy and information injury); *Landrum*, 2016 WL 6075446, at *4 (applying rule); *Fisher*, 2016 WL 4665899, at *4 (dismissing § 1681b(b)(2)(A) claims for lack of standing because plaintiff did not allege that that she did not see the language or that the authorization was not knowing and alleged only that "format and conspicuousness" of disclosure "did not comply" with statute); *Groshek*, 2016 WL 4203506, at *2 (dismissing § 1681b(b)(2)(A) claims for lack of standing); *Smith*, 2016 WL 3182675, at *4 (same).

The Court's Order furthers this split in authority.  Given the need for appellate certainty on such a critical threshold (and methodological) issue that seems to arise in a vast array of litigation, interlocutory certification of the Court's Order under § 1292(b) is appropriate.

### 3.    Resolution Of The Controlling Standing Issue Will Materially Advance The Termination Of The Litigation.

The Eleventh Circuit's resolution of the Article III standing question for Plaintiffs' § 1681b(b)(2) claims also satisfies the final element for interlocutory appeal because it will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  So long as the "resolution of a controlling legal question" would serve to "substantially shorten the litigation," this element is met.  *McFarlin*, 381 F.3d at 1259; *see also Ahrenholz*, 219 F.3d at 677 (resolution of certified question "could  . . . head off protracted, costly litigation" when it is "indeed a controlling issue").

Here, a ruling by the Eleventh Circuit consistent with *Nicklaw* would substantially shorten this putative nationwide class action in at least three important ways. As an initial matter, Plaintiffs Moody and Terrell would have no standing to proceed with their § 1681b(b)(2) claims—or class allegations. This would significantly reduce the scope of the litigation. Indeed, it would save the parties from the burden and expense of engaging in protracted discovery, filing and briefing motions for summary judgment and class certification, and making evidentiary presentations regarding Plaintiffs' § 1681b(b)(2) claims. Although the claims brought by Plaintiff Moody would remain (against Ascenda and Verified), the Court would no longer have to resolve any class certification motion pertaining to Plaintiffs' proposed nationwide § 1681b(b)(2) class, thereby conserving its resources. *See, e.g.*, *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1253 (S.D. Fla. 2013) (granting motion for interlocutory appeal of summary judgment decision in part because legal issues likely will impact class certification); *In re Managed Care Litig.*, MDL No. 1334, 2002 WL 1359736, at *2 (S.D Fla. March 25, 2002) (granting motion to certify interlocutory order "even if resolution of the issue is not immediately dispositive" because "scope of future discovery, motion practice and trial activities would be limited significantly if the Order were reversed").

In addition, a ruling from the Eleventh Circuit would help expedite resolution of Plaintiffs' remaining claims. Plaintiff Terrell would be dismissed entirely from the case, and Plaintiff Moody would have one remaining claim against Ascenda—which is significantly smaller in scope than Plaintiffs' § 1681b(b)(2) claims. A decision on whether Plaintiffs have standing to assert their § 1681b(b)(2) claims also could impact whether Plaintiff Moody has standing to assert her other FCRA claims. At a minimum, appellate clarity on this fundamental

issue of standing will help the parties assess the value of the litigation for mediation and settlement purposes.

Even more critically, "a decision on the merits [also] will clarify the issue for other . . . litigants" and will "preclude the need for further appeals of this type." *In re Pacific Forest Products Corp.*, 335 B.R. 910, 924 (S.D. Fla. 2005).  As discussed above, courts across the country have reached differing conclusions on standing in § 1681b(b)(2) cases, and no appellate court has yet to weigh in.  Moreover, in the Eleventh Circuit, there are numerous other pending putative class actions asserting § 1681b(b)(2) claims, including the *Stacey*, *Coss*, and *Hargrett* Actions.  Granting interlocutory appeal would help ensure consistent decisions, and would help conserve the resources of the parties in other FCRA class actions pending throughout the Eleventh Circuit.  *See, e.g.*, *Dial v. Healthspring of Alabama, Inc.*, 612 F. Supp. 2d 1205, 1208 (S.D. Ala. 2007) (granting certification in part because "resolution of this unsettled question of complete preemption would have general relevance to other cases in the same area of law").

Put simply, granting interlocutory review would allow the Eleventh Circuit to continue its efforts to clarify the proper methodology for addressing *Spokeo* challenges to Article III jurisdiction and to provide clarity on whether standing exists to bring high-exposure claims under § 1681b(b)(2) of the FCRA, particularly when plaintiffs challenge the existence of release or other language in FCRA forms that contain the necessary disclosure language.  Certification for interlocutory appeal is particularly appropriate here.

## IV.  CONCLUSION

For the foregoing reasons, Ascenda requests that the Court reconsider its Order in light of *Nicklaw*.  In the alternative, the Order is well-suited for interlocutory review under 28 U.S.C. §

1292(b).  Accordingly, Ascenda respectfully requests that the Court reconsider its Order or amend its Order and certify it for interlocutory appeal.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for Ascenda has conferred with Plaintiffs' counsel in accordance with Local Rule 7.1(a)(3), and Plaintiffs' counsel opposes the relief requested in this motion.


Dated:  October 19, 2016

/s/ Brian M. Ercole
Brian M. Ercole
Florida Bar No. 0102189
Morgan, Lewis & Bockius LLP
5300 Southeast Financial Center
200 South Biscayne Blvd.
Miami, FL 33131
Telephone:  305.415.3416
Facsimile:  305.415.3001
brian.ercole@morganlewis.com
Gregory T. Parks (admitted pro hac vice)
Morgan, Lewis & Bockius LLP
1701 Market St
Philadelphia, PA 19103-2921
Telephone:  215.963.5170
Facsimile: 215.963.5001
gregory.parks@morganlewis.com

*Attorneys for Defendant Ascenda USA Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 19, 2016, Defendant Ascenda USA, Inc.'s Motion For

Reconsideration Or, In The Alternative, To Certify The Court's October 5, 2016 Order For

Interlocutory Appeal Pursuant To 28 U.S.C. 1292(b) was electronically filed with the Clerk of

Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of

record.

*/s/ Brian M. Ercole*
Brian M. Ercole