UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. : 16-cv-60364-WPD

ASHLEY MOODY and AUTUMN TERRELL,
on behalf of themselves and on behalf of
all others similarly situated,

    Plaintiffs,

v.

ASCENDA USA INC. d/b/a 24-7 INTOUCH,
and VERIFIED CREDENTIALS, INC.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFF ASHLEY MOODY AND VERIFIED CREDENTIALS, INC., CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

Before the court is Plaintiff's Motion seeking: (1) preliminary approval of the Settlement Agreement between Ashley Moody, the putative class, and Defendant Verified Credentials, Inc.; (2) preliminary certification of a class for settlement purposes; (3) approval of the form and manner of notice to the class; and, finally (4) scheduling of a fairness hearing for the final consideration and approval of the Settlement Agreement. The Court has considered the Motion, proposed Settlement Agreement, and the entire record of this case.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 102/103] is **GRANTED** as follows:

1. <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Motion for Preliminary Approval and the proposed Settlement Agreement, and all terms used herein shall have the same meaning as set forth in those filings.

2. <u>Preliminary Approval of Proposed Settlement</u>. The Parties' Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval. The Court preliminarily finds that the Agreement resulted from extensive arm's length negotiations, and is sufficient to warrant notice of the Settlement to persons in the Settlement Classes and a full hearing on the approval of the Settlement.

3. <u>Class Certification for Settlement Purposes Only</u>. The parties seek certification of one settlement class with two sub-classes based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the court conditionally certifies, for settlement purposes only, the following Settlement Class:

**Class A (the "Automatic Payments Class")**:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report sold by Verified to a third party for employment purposes from two years preceding the filing of the complaint through January 24, 2016, (b) whose employment-purposed report contained at least one public record of a criminal conviction, civil lien, bankruptcy or civil judgment that was likely to have an adverse effect on the consumer's ability to obtain employment, (c) who then disputed such public record information contained in their employment-purposed consumer report with Verified, (d) whose dispute resulted in a revised report, and (e) where no notice was sent under 15 U.S.C. § 1681k(a)(1) between January 24, 2014 through January 24, 2016.

Excluded from the class definition are any employees, officers and directors of Verified, any attorney appearing in this Action, any judge assigned to hear this Action, any individual who timely opts out of the Automatic Payments Class.

**Class B (the "Opt In Class")**:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report sold by Verified to a third party for employment purposes from two years preceding the filing of the Complaint through January 24, 2016, (b) whose employment-purposed report contained at least one public record of a criminal conviction, civil lien, bankruptcy or civil judgment that was likely to have an adverse effect on the consumer's ability to obtain employment, (c) where

no notice was sent under 15 U.S.C. § 1681k(a)(1), and (d) who opt in and complete and return a valid claims form certifying that their consumer report was incomplete or not up to date and who claim they were harmed as a result.

Excluded from the class definition are any employees, officers and directors of Verified, any attorney appearing in this Action, any judge assigned to hear this Action, the Named Plaintiff and any Automatic Payments Class member.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

    A.    The Settlement Class of approximately 48,454 members appears to be so numerous that joinder of all members is impracticable;

    B.    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

    C.    Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

    D.    Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    E.    Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    F.    Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

4.    <u>Class Counsel</u>.  Based on the considerations in Rule 23(g), the Court appoints Brandon J. Hill and Luis A. Cabassa and of Wenzel Fenton Cabassa, P.A. as Class Counsel for the Settlement Class, along with Leonard Bennett and Craig Marchiando from Consumer Litigation Associates, P.C.

5. <u>Class Representative</u>.  Based on the findings above, the Court appoints Plaintiff Ashley Moody as Class Representative for the Settlement Class.

6. <u>Class Notice</u>.  The parties' Class Notices are approved for distribution in accordance with the schedule included in the Settlement Agreement.

7. <u>Initial Motion for Fees and Expenses</u>.  Pursuant to Rule 23(h), Class Counsel is directed to file their motion for attorney fees and costs by January 9, 2018.

8. <u>Opt-Outs and Objections</u>.  Automatic Payments Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement.

9. <u>Final Approval Hearing</u>.  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 1:30 p.m. on Friday, March 9, 2018, at the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 in Courtroom 205B

10. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement except as expressly stated therein.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of November, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record