UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60364-WPD

ASHLEY MOODY and AUTUMN TERRELL
on behalf of themselves and on
behalf of all others similarly situated

    Plaintiffs,

v.

ASCENDA USA INC. d/b/a 24-7 INTOUCH,
and VERIFIED CREDENTIALS, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT AS TO CLAIMS AGAINST DEFENDANT ASCENDA USA INC. d/b/a 24-7 INTOUCH AND APPROVING AND AWARDING ATTORNEYS' FEES AND COSTS

On October 24, 2017, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiffs Ashley Moody and Autumn Terrell ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Defendant Ascenda USA, Inc. d/b/a 24-7 Intouch ("Ascenda") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a final approval hearing to take place on March 9, 2018 @ 1:30 p.m. The Court finds that the notice to the Settlement Class substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable,

and adequate.

On March 9, 2018 @ 1:30 p.m., the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiffs Complaint on the merits and with prejudice in favor of Ascenda and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to each Named Plaintiff.

**IT IS HEREBY ORDERED THAT:**

1. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and

uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes only for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Named Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which consists of the Disclosure Form Settlement Class and the Pre-Adverse Action Notice Subclass.

(a) The Disclosure Form Settlement Class, as identified in the Settlement Agreement, consists of all Ascenda applicants or employees who signed the Disclosure and Authority to Release Information Form (the "D&A Form"), attached as Exhibit B to Plaintiffs' Second Amended Complaint, after January 1, 2014 and for whom Ascenda procured a consumer report for employment purposes, as identified on the Settlement Class List. Excluded from the Disclosure Form Settlement Class are all individuals who file a

timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

    (b)    The Pre-Adverse Action Notice Subclass, as identified in the Settlement Agreement, consists of all members of the Disclosure Form Settlement Class who were terminated from or denied employment or promotion with Ascenda based in whole or in part on the results of their background check report.

5. The Court finally appoints attorneys means Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Leonard A. Bennett and Craig C. Marchiando of Consumer Litigation Associates, P.C. as Class Counsel for the Settlement Class.

6. The Court finally designates Named Plaintiffs Ashley Moody and Autumn Terrell as the Class Representatives.

7. The Court makes the following findings on notice to the Settlement class.

    (a)    The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this

Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

8.      The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9.      The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

10.     The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

11.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel

Attorneys' Fees and Expenses in the amount of Three Hundred Sixty Three Thousand Dollars and Zero Hundreds ($363,000.00) payable pursuant to the terms of the Settlement Agreement. The Court also awards a service award in the amount of Five Thousand Dollars and Zero Hundreds ($5,000.00) to each Plaintiff payable pursuant to the terms of the Settlement Agreement.

12.     The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

13.     The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged from all Released Claims (as that term is defined below and in the Settlement Agreement).

    (a)     Release And Waiver Definitions.

        (i)     "Release" or "Releases" means the releases of all Released Claims against the Released Persons, as provided for in Section V of the Settlement Agreement.

        (ii)    "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, defenses, reckonings, promises, damages,

penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to Section V of the Settlement Agreement.  Released Claims specifically exclude any claims brought against Verified Credentials, Inc. ("Verified") that are not based upon the conduct, actions, or omissions of Ascenda, which includes those claims brought against Verified under 15 U.S.C. § 1681k and § 168Ii in this Action.  Released Claims include any claims against Verified that are based upon the conduct, actions, or omissions of Ascenda.

(iii)   "Released Persons" means Ascenda and its respective present, former, and future affiliates, parents, subsidiaries, corporate family members, officers, directors, partners, employees, agents, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, agents, representatives, trustees, principals, assigns, and insurers individually, jointly, and severally.  Released Persons specifically shall exclude Verified with respect to any claims that are not based upon the conduct, actions, or omissions of Ascenda.

(iv)   "Settling Parties" means, collectively, Ascenda, Named Plaintiffs, and all Settlement Class Members.

(b)   <u>Releases of Claims</u>. On the Settlement Effective Date, for the Settlement Class' benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and all Settlement Class Members who have not timely and properly opted out of the Settlement, and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys (except for the law firm of Wenzel Fenton Cabassa, P.A.), partners, successors,

predecessors and assigns, and all those acting or purporting to act on their behalf, fully and forever release, waive, acquit, and discharge Ascenda and the Released Persons from any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, promises, defenses, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind that arise out of or relate directly or indirectly in any manner whatsoever to the facts alleged or which could have been alleged or asserted in the Complaint in this Action, and all amendments thereto, including any and all claims under 15 U.S.C. § 168lb(b)(2)(A) and 15 U.S.C. § 168lb(b)(3) of the FCRA. It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class Members' Released Claims, and all of the Released Claims shall be dismissed with prejudice as to claims that could have been brought in this case, even if the Settlement Class Member never received actual notice of the Settlement prior to the Final Approval Hearing.

      (c)    Voluntary Release Of Unknown Claims. Plaintiffs and each Settlement Class Member have knowingly and voluntarily waived any and all provisions, rights, and benefits conferred by statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each Settlement Class Member recognize that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle

and release any and all claims covered by these Releases. The Settling Parties, including all Settlement Class Members, acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

(d) <u>Sole and Exclusive Remedy</u>. This Agreement sets forth the sole and exclusive remedies for any Released Claims. No court or arbitrator may award damages or relief of any kind, including compensatory, punitive, or multiple damages, with respect to any Released Claim, and no Settlement Class Member may serve as a representative plaintiff with respect to such a claim or remain in any action or permit himself or herself to be represented by a third party in any action in which such a claim is asserted.

(e) <u>Authority of Court.</u> The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, appropriate administering and implementing the terms and provisions of the Settlement Agreement.

(f) Enforcement. Nothing in this Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

14. All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or

proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

15. Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

16. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Ascenda as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Ascenda of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or

wrongdoing by Ascenda;

(b) offered by any person or received against Ascenda as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Ascenda; or

(c) offered by any person or received against Ascenda as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

17. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

19. In the event that the Final Settlement Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Final Settlement Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class

should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

20. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

21. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of March, 2018.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record