UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60364-WPD

ASHLEY MOODY and AUTUMN TERRELL
on behalf of themselves and on
behalf of all others similarly situated

    Plaintiffs,

v.

ASCENDA USA INC. d/b/a 24-7 INTOUCH,
and VERIFIED CREDENTIALS, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGAINST DEFENDANT VERIFIED CREDENTIALS, INC., AND APPROVING AND AWARDING ATTORNEYS' FEES AND COSTS

For the reasons below, Plaintiff Ashley Moody's Motion for Final Approval of the Verified Class Action Settlement, including as to attorneys' fees and costs, is hereby **GRANTED** as follows:

1. Pursuant to Fed. R. Civ. P. 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement between Plaintiff Ashley Moody and Defendant Verified, is hereby approved. The Settlement Agreement is hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order").

2. Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement Agreement is fair, reasonable, and adequate. The Court held a hearing on Friday, March 9, 2018, at 1:30 p.m., of which the Settlement Class were notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Settlement Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court certifies the following Settlement Class for settlement purposes only as against VERIFIED CREDENTIALS, INC. ("Verified"):

**Class A (the "Automatic Payments Class")**:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report sold by Verified to a third party for employment purposes from two years preceding the filing of the complaint through January 24, 2016, (b) whose employment-purposed report contained at least one public record of a criminal conviction, civil lien, bankruptcy or civil judgment that was likely to have an adverse effect on the consumer's ability to obtain employment, (c) who then disputed such public record information contained in their employment-purposed consumer report with Verified, (d) whose dispute resulted in a revised report, and (e) where no notice was sent under 15 U.S.C. § 1681k(a)(1)..

Excluded from the class definition are any employees, officers and directors of Verified, any attorney appearing in this Action, any judge assigned to hear this Action, any individual who timely opts out of the Automatic Payments Class.

There are 715 Automatic Payments Class Members:

**Class B (the "Opt In Class")**:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report sold by Verified to a third party for employment purposes from two years preceding the filing of the Complaint through January 24, 2016, (b) whose employment-purposed report contained at least one public record of a criminal conviction, civil lien, bankruptcy or civil judgment that was likely to have an adverse effect on the consumer's ability to obtain employment, (c) where no notice was sent under *Id.* § 1681k(a)(1), (d) who opt in and complete and return a valid claims form certifying that their consumer report was incomplete or not up to date and who claim they were harmed as a result.

Excluded from the class definition are any employees, officers and directors of Verified, any attorney appearing in this Action, any judge assigned to hear this Action, the Named Plaintiff and any Automatic Payments Class member.

There are 3,293 Opt-In Class Members.

4. The Court appoints the Named Plaintiff, Ashley Moody, as Class Representative. The Court has previously found adequate and appointed Plaintiff's Counsel as Class Counsel and

the Court reaffirms that appointment.

5. Relative to the Class, the Court specifically finds as to the Settlement Agreement:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claim of the Named Plaintiff is typical of the claim of the Settlement Class that the Named Plaintiff seeks to represent;

   d. The Named Plaintiff and her Counsel will fairly and adequately protect the interests of the Settlement Class;

   e. The questions of law or fact common to members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

   f. Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

6. Through the Court-approved Settlement Administrator the Parties notified all members of the Settlement Class whose addresses could be obtained through reasonable measures of both the terms of the proposed Settlement Agreement and the date, time and location of the Court's Final Fairness Hearing. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

7. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Class. Accordingly, the Settlement Agreement is granted final approval and shall govern all issues concerning the Settlement Class and all rights of the Parties. The Court finds that the Settlement Agreement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

8. Verified confirmed that it sent the appropriate Class Action Fairness Act ("CAFA") notices. There were no objections or comments from the government officials to whom CAFA notice was sent.

9. Plaintiff's claims, and those of the Settlement Class, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

10. Consistent with the terms of the Settlement Agreement, Plaintiff's counsel is awarded Four Hundred and Sixty Two Thousand Dollars and Zero Hundreds ($462,000.00) from the Settlement Fund.

11. Named Plaintiff Ashley Moody is awarded a service award of Ten Thousand Dollars and Zero Hundreds ($10,000.00) from the Settlement Fund.

12. The Court hereby retains jurisdiction over the Parties and the Settlement Class to ensure the effective administration of the Settlement.

13. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of March, 2018.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record